**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION**

IN RE:

LISA G. GODSEY                                                                   CASE NO. 11-20455

DEBTOR

MICHAEL L. BAKER, TRUSTEE                                                        PLAINTIFF

V.                                                                               ADV. CASE NO. 11-2025

GENERAL ELECTRIC CREDIT UNION, ET                                                DEFENDANTS
AL.

**MEMORANDUM OPINION**

The issue before the Court on these cross-motions for summary judgment is whether the Plaintiff Chapter 7 Trustee, acting pursuant to his status as a hypothetical judicial lien creditor under 11 U.S.C. §544, may avoid the Defendant General Electric Credit Union's lien on the Debtor's vehicle if the certificate of title fails to identify the Defendant by name and address, but correctly refers to the notation number referencing the Defendant's title lien statement. Because strict compliance with K.R.S. §186A.190 is required to perfect a lien, the Defendant's lien is unperfected under Kentucky law. Because the lien was unperfected at the time the Debtor filed bankruptcy, the Trustee's motion for summary judgment shall be granted.

**Facts**

The material facts are undisputed. On December 22, 2007, the Debtor Lisa G. Godsey financed a 2005 Nissan Altima, VIN #1N4BL11D55C264138 (the "Vehicle"), through a loan agreement with the Defendant General Electric Credit Union ("General Electric") in the state of Ohio. On January 18, 2008, the Title Lien Statement was recorded in the Kenton County Clerk's office in the state of Kentucky. Although the Title Lien Statement recorded by the Kenton County Clerk reflects General Electric's lien on the Vehicle, the Certificate of Title issued

1

incorrectly identifies "Nissan Motor Acceptance Corporation" ("NMAC") as the lienholder and the lienholder's address as "915 L Street, Sacramento, California 95814," or the address associated with NMAC. However, the Certificate of Title references Notation No. 514622, which is the file number assigned to General Electric by the Kenton County Clerk that refers to the correctly filed Title Lien Statement.

The Debtor filed for Chapter 7 bankruptcy on February 25, 2011. Michael L. Baker was appointed Trustee. On July 28, 2011, the Trustee filed this adversary proceeding seeking to avoid General Electric's lien pursuant to his status as a hypothetical judicial lien creditor under 11 U.S.C. §544 on the basis that the lien was not properly perfected. The parties filed cross-motions for summary judgment. The matter has since been fully briefed and is now ripe for determination by the Court.

## Discussion

There being no factual disputes, the issue boils down to the legal question of whether General Electric's lien on the Vehicle was properly perfected. There is no question that General Electric properly submitted a Title Lien Statement to the Kenton County Clerk that identified itself as the lienholder. The Kenton County Clerk filed this Title Lien Statement with General Electric's file, No. 514622. But the Certificate of Title ultimately issued does not identify General Electric as the lienholder, either by name or address, although it does reference General Electric's file. This is insufficient under Kentucky law to properly perfect General Electric's lien.

Kentucky law determines whether a security interest in a vehicle is perfected. The sole method of perfecting a lien on a vehicle is by a notation on the vehicle's certificate of title. *See* K.R.S. §186A.190; *Johnson v. Branch Banking & Trust Co.*, 313 S.W.3d 557, 558 (Ky. 2010) (holding final perfection of a vehicle lien does not occur until physical notation is made on the title pursuant to K.R.S. §186A.190). The plain language of K.R.S. §186A.190 requires the name, the mailing address and the zip code to be on the certificate of title for proper perfection:

2

> (6) In noting a security interest upon a certificate of title, the county clerk shall ensure that the certificate of title bears the lienholder's name, mailing address and zip code, the date the lien was noted, the notation number, and the county in which the security interest was noted.

K.R.S §186A.190(6). Unfortunately for General Electric, the Kenton County Clerk failed to follow K.R.S. §186A.190(6) in transcribing the correct name and address of the lienholder on the Certificate of Title. The fact that General Electric submitted an appropriate title lien statement does not save this fatal error. *See Johnson*, 313 S.W.3d at 558 ("[P]erfection is not accomplished when the required paperwork and fee are submitted to the county clerk.").

General Electric argues that the lien is perfected because General Electric can be identified by the notation number "514626" on the Certificate of Title, which is a reference to General Electric's Title Lien Statement. Final perfection of a vehicle lien does not occur until physical notation is made on the title "pursuant to K.R.S. §186A.190." *Johnson*, 313 S.W.3d at 558. The plain language of K.R.S. §186A.190 requires all elements of subsection (6) to be satisfied. K.R.S. §186A.190 ("…the county clerk shall ensure that the certificate of title bears the lienholder's name, mailing address, *and* zip code…"). This Court has consistently interpreted K.R.S. §186A.190 in accordance with its plain meaning. *See Palmer v. Vanderbilt Mortgage & Finance, Inc. (In re Walling)*, Case No. 10-5076, 2010 WL 5421148 (Bankr. E.D. Ky. Dec. 20, 2010); *Schlarman v. Fifth Third Bank, Inc. (In re Sands)*, Case No. 07-2064, 2008 WL 4290949 (Bankr. E.D. Ky. Sept. 16, 2008). The notation number cannot save General Electric where its name and address were not properly noted.

General Electric further contends that because the error belonged to the Kenton County Clerk, the failure to comply with K.R.S. §186A.190 should not result in a failure to perfect.[1] A

---

[1] General Electric submits an October 31, 2011 letter from the Kenton County Clerk formally objecting to the avoidance of General Electric's lien based on the error on the Certificate of Title and arguing that the Title Lien Statement should hold precedence, the Certificate of Title properly notes General Electric's security interest, and, even if the Certificate of Title is insufficient, the error may be easily corrected. While the Court understands why the Kenton County Clerk would want to take this position based on its

clerk's error was also at the root of the failure to properly perfect in *Johnson*. There the creditor properly submitted a title lien statement, but the county clerk delayed in filing the title lien statement and the lien was noted on the certificate of title outside the twenty day automatic perfection window and within the ninety day preferential transfer window. In holding that the lien was not properly perfected until noted on the certificate of title, the court rejected the argument that negligence or mistake on the part of the clerk is sufficient to excuse non-compliance with K.R.S. §186A.190. *Johnson*, 313 S.W.3d at 560-561. Moreover, any deficiency in the process of perfection is to be resolved against the creditor. *See PHH Mortgage Services v. Higgason*, 345 B.R. 584, 586 (E.D. Ky. 2006). The absence of error by General Electric cannot salvage its perfection deficiency.

Pursuant to 11 U.S.C. §544(a)(1), at the commencement of the bankruptcy case, the Trustee holds the status of a hypothetical judicial lien holder against the Debtor's personal property without regard to the Trustee's actual knowledge. As a hypothetical judicial lien holder, the Trustee's interest in the Vehicle is superior to that of General Electric's unperfected lien. For this reason, the Trustee may avoid General Electric's lien on the Vehicle under §544 and recover the value of the Vehicle for the benefit of the Estate pursuant to §550.

## Conclusion

For the foregoing reasons, the Plaintiff Trustee's Motion for Summary Judgment shall be GRANTED and the Defendant General Electric Credit Union's Motion for Summary Judgment shall be DENIED. A separate order shall be entered accordingly.

Copies To:

Debra S. Pleatman, Esq.

---

error, the Court finds that the Kenton County Clerk's opinion is contrary to Kentucky law regarding the proper way to perfect a security interest in a vehicle and is therefore unpersuasive.

Thomas W. Wietholter, Esq.

5

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
*Tracey N. Wise*
**Bankruptcy Judge**
**Dated: Wednesday, January 11, 2012**
**(tnw)**